IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

COUNTY OF CLACKAMAS, et al.,

        Plaintiffs,

    v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., et
al.,

        Defendants.

No. 3:17-cv-0969 -MO

OPINION AND ORDER

MOSMAN, J.,

A number of Oregon Counties (Counties) bring this action against Mortgage Electronic

Registration Systems, Inc., MERSCORP Holdings, Inc. (collectively MERS), and a number of banks

who are members of MERS. In their Second Amended Complaint, the Counties assert that Defendants

created the MERS system to unlawfully avoid paying fees to record deeds and allege claims of

fraudulent misrepresentation against all Defendants (First Claim for Relief) and separate unjust

enrichment claims against MERS and the banks (Second and Third Claims for Relief). Defendants

move to dismiss the unjust enrichment claims against them with prejudice [84]. The Counties oppose

Defendants' Motion, but ask that they be given leave to amend their unjust enrichment claims if I

dismiss the unjust enrichment claims. Neither party asked for oral argument on this Motion. For the

reasons explained below, I GRANT Defendants' Motion and Dismiss the Second and Third Claims for

Relief in the Amended Complaint with Prejudice.

///

1 –OPINION AND ORDER

## I.    Legal Standard

Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*901 F.2d 696, 699 (9th Cir.1988).  While a plaintiff need not plead specific facts in support of any claim, he or she must allege facts that establish "more than a sheer possibility that a defendant has acted unlawfully" and "raise a right to relief above the speculative level." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Put another way, a claim for relief must be plausible, not just possible.  *Id.*  In determining whether a plaintiff has stated a plausible claim for relief, a judge must accept as true all of the factual allegations contained in the complaint.  *Id.*

Under Rule 15(a), a judge should give leave to amend when justice so requires.  In deciding a motion for leave to amend, a judge may consider factors including bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party caused by allowing amendment, and futility of amendment and deny leave to amend on those or similar grounds.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (listing the factors set offered by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962)).  "Not all of the factors merit equal weight.  As [the Ninth] circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.*  Without prejudice, or "a strong showing" of the other *Foman* factors, there is a presumption under Rule 15 in favor of granting leave to amend.  *Id.*  Futility, however, may support a denial of a motion to amend if it is clear that the pleading, as amended, is subject to dismissal and cannot be cured by amendment.  *U.S. v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citations omitted).

///

///

## II.  Analysis

### A.  The Counties Fail to State Cognizable Claims for Unjust Enrichment.

The Counties allegations in their Second Amended Complaint and arguments in opposition to

Defendants' Motion to Dismiss are virtually identical the allegations and arguments that I previously

found legally invalid.  [73 and 74].  During the March 1, 2018, oral argument on Defendants' Motion to

Dismiss their prior Complaint, the Counties argued the Defendants were unjustly enriched because the

fraudulent trust deeds they filed—listing MERS as the beneficiary—allowed them to get a higher-than-

warranted value when selling their mortgages.  [77 at 17:16-25, 19:16-19].  The Counties also argued

the Counties were unjustly enriched by the MERS system because they did not have to pay recording

fees to perfect the assignments of trust deeds between MERS members.  [77 at 25:16-25 and 26:1-9].  I

rejected these arguments after oral argument on Defendants' Motion to Dismiss the Counties Amended

Complaint.  Despite this, however, the Counties now make the same allegations and assertions in their

Second Amended Complaint and in their opposition to Defendants' Motion to Dismiss.  *Compare* [pp.

24 to 87 of 34-1 at ¶¶ 45, 48, 49, 152-154, 164-65] with [78 at ¶¶ 46, 49, 50-51, 159, 161, 164, 166, 176-

77].  For example, just like their Amended Complaint, the Counties' Second Amended Complaint

alleges it would be unjust to allow Defendants to retain the benefits "conferred upon them"—the high

value "priority first-lien security interest"—without requiring defendants to pay for recording the

assignments between MERS members.  [pp. 24 to 87 of 34-1 at ¶¶ 156, 164] and [78 at ¶¶ 166, 176].

The addition of a few words to the Counties' allegations does not make their unjust enrichment claims

cognizable.

I also disagree with the Counties' assertion that their unjust enrichment claims state  legally valid

claims because they are similar to the claims in a 2017 Oregon Supreme Court case, *Larisa's Home*

*Care, LLC v. Nichols-Shields,* 362 Or. 115 (2017).  In *Larisa,* the owner of an adult care home sued the

estate of one of its former patients alleging false representations that the patient was eligible for Medicaid made to the home unjustly enriched the patient's estate. *Id.* at 120-21. The home sought restitution from the estate for the difference between the amount the patient would have paid as a private pay patient and the amount the home received for her care at the home. *Id.* at 120. After a discussion about the concepts of restitution and unjust enrichment generally and the approach Oregon courts have taken in unjust enrichment cases, the Oregon Supreme Court concluded that the facts "support[ed] a determination of unjust enrichment"—the patient made false statements to obtain Medicaid benefits and the home provided "valuable care" to the patient at a very discounted rate based on those misrepresentations. *Id.* Accordingly, the patient's estate ended up being substantially larger because she did not pay the home's "private-pay rates." *Id.*

After *Larisa*, courts considering unjust enrichment claims under Oregon law should "examine the established legal categories of unjust enrichment as reflected in Oregon case law and other authorities to determine whether any particular enrichment is unjust." *Id.* at 132. Here, like *Larisa*, the Counties alleges that Defendants have benefited by fraud, i.e., falsely listing MERS as the beneficiary on trust deeds. *Id.* at 133 (stating the home's claim fall squarely within the fraud claim category of unjust enrichment cases). Despite the similarity to the legal category of unjust enrichment in *Larisa*, the facts here do not state a cognizable claim for unjust enrichment.

The Counties' allegations are missing the linchpin of a successful unjust enrichment claim—that the Defendants obtained benefits *from the Counties* by fraud. *Larisa*, 362 Or. at 133 (stating "[a] conclusion that one party has obtained benefits *from another* by fraud is ***one of the most recognizable sources of unjust enrichment.") (citations omitted) (emphasis added). The Defendants may have obtained benefits—the appearance of a first-lien perfected security interest—through fraud, but they got those benefits from the mortgage market, not from the County.

The Counties' other theory of how the Defendants obtained benefits from the County through the MERS system also fails. The Counties cannot establish that Defendants obtained any unjust benefit by not paying recording fees each time they re-assigned trust deeds through the MERS system. The only value the Counties allege Defendants received by not recording all subsequent assignments of the trust deed is "the benefit of the Counties' public recording system." [78 at ¶ 176]. As the Defendants point out, however, they paid a recording fee when the initially filed the deed; thus their receipt of the benefit of the Counties' recording system is not unjust. The Counties may not like Defendants' use of the MERS system instead of their public records system to keep track of assignments between its member banks, but they have failed to articulate any unjust benefit Defendants obtained by failing to record re-assignments of mortgages between MERS member banks.

**B.  Amendment of the Counties Unjust Enrichment Claims is Futile.**

I deny the Counties' request to amend their unjust enrichment claims. The Counties' failure to cure deficiencies by amendments previously allowed supports denying amendment as does futility. As discussed above, when given the opportunity to amend their unjust enrichment claims after I dismissed them, the Counties filed a Second Amended Complaint with virtually identical unjust enrichment claims. Moreover, it is clear that the unjust enrichment claims cannot be cured by amendment because the Counties cannot allege that the Defendants obtained a benefit *from the Counties* through fraud.

///

///

///

///

///

///

## III.    Conclusion

I GRANT Defendants' Motion to Dismiss Second and Third Claims for Relief in the Second Amended Complaint [84] and dismiss these two claims with prejudice.  This case will proceed on the Counties' First Claim for Relief (Fraudulent Misrepresentation).  Defendants' Answer is due 30 days from the date this order is filed.

DATED this 24th day of May, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge